IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| MAHALA A. CHURCH, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br>vs.<br><br>ACCRETIVE HEALTH, INC., aka, dba, MEDICAL FINANCIAL SOLUTIONS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 14-00057<br><br>CLASS ACTION |

## COMPLAINT

COMES NOW the Plaintiff, Mahala A. Church, (hereafter the "Plaintiff") by counsel, and as complaint against the above-named Defendant Accretive Health, Inc., ("Accretive") alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PRELIMINARY STATEMENT

3. This is a class action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's rights

1

under the FDCPA. In addition, the debt that was the subject of the collection activity had been discharged in bankruptcy. Plaintiff also brings an action for a subclass of consumers that reside in this district for violation of the discharge orders in their cases.

## PARTIES

4. The Plaintiff is a natural person and resident citizen of Mobile, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Accretive is a corporation which is, upon information and belief, incorporated under the laws of the state of Delaware and has its principal place of business in Kalamazoo, Michigan. At all relevant times, Accretive was engaged in business within the State of Alabama, including the collection of debts. Accretive is regularly engaged in the practice of debt collection.

6. Accretive sends collection letters and places collection calls as a regular part of its business.

7. The mails and interstate wire communications are used to conduct the business of Accretive.

8. Accretive is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. On June 7, 2013 Plaintiff filed a voluntary petition under Chapter 7 of Title 11 U.S. Code.

10. In the bankruptcy petition she listed a debt to Providence Hospital incurred in December of 2012. This the same debt that is the subject of the collection letter at issue.

11. On June 9, 2013, Providence Hospital, along with all Plaintiff's other creditors, was mailed a notice of the bankruptcy filing.

12. Ms. Church received a discharge of her debts on September 9, 2013 and notice of the discharge was mailed to all of her creditors on September 11, 2013.

13. Notwithstanding the discharge order, on or about January 17, 2014, Accretive initially contacted Plaintiff by the use of a collection letter, filed herewith as Exhibit "A," demanding payment in the amount of $1,944.80. The creditor was identified as Providence Hospital with a date of service of December 2012.

14. The January 17, 2014, collection letter was the initial contact with Plaintiff and contained none of the disclosures required by the FDCPA and Plaintiff received no other communication or written notice within five days that complied with the statute.

15. At all relevant times Accretive knew or should have known that Plaintiff, who had included the debt at issue in her Chapter 7 case, had received a discharge.

## COUNT ONE
## (FDCPA VIOLATIONS)

16. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

17. This is a claim asserted against Accretive for violations of the FDCPA.

18. Accretive is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

19. Accretive has violated the FDCPA in connection with its attempts to collect the account from Plaintiff. Accretive's violations include, but are not limited to, failing to comply with the notice requirements of 15 U.S.C. §§1692e and 1692g.

20. Accretive has violated the FDCPA in connection with its attempts to collect the account against Plaintiff. The violations include, but are not limited to the following:

    a. Failing to make the disclosures required by 15 U.S.C. §§ 1692e and 1692g;

    b. Misrepresented the legal status of a debt by attempting to collect a discharged debt in violation of 15 U.S.C. § 1692e(2)(A) and (B);

    c. Harassing the Plaintiff by attempting to collect a discharged debt in violation of the discharge order, 15 U.S.C. § 1692d, and 15 U.S.C. § 1692f(1); and

    d. Otherwise violated the FDCPA.

21. As a result of its violations of the FDCPA, Accretive is liable to Plaintiff for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Accretive for the following:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k;

    B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    C. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (VIOLATION OF THE DISCHARGE INJUNCTION)

22. The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

23. Defendant's contact with Plaintiff and its continued attempts to collect the debt constitute willful violations of the discharge injunction in violation of 11 U.S.C. § 524.

WHEREFORE, Plaintiff prays that this Court:

(a) Find that Defendant is in contempt of Court for violating 11 U.S.C. § 524;

(b) Award Plaintiff damages, costs, and attorney's fees; and

(c) Order such other relief as is just and proper.

## COUNT THREE
## (CLASS ACTION ALLEGATIONS)

24.     Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

25.     Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

26.     Plaintiff brings this action on behalf of herself and all members of a class defined as follows:

> All individuals who, from one year prior to the filing of this action through the date of an order certifying a class action herein, are residents of the United States received, from the defendant, the form collection letter dated filed herewith as Exhibit One.

27.     Plaintiff also brings this action on behalf of herself and all members of a sub-class defined as follows:

> All individuals residing in the Southern District of Alabama who, from one year prior to the filing of this action through the date of an order certifying a class action herein, have filed a bankruptcy petition, received a discharge and to whom Defendant has sent the letter, attached as Exhibit "A," after the underlying debt was discharged.

28.     Plaintiff avers that the class and sub-class are so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that her claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers

that in a representative capacity, she will fairly and adequately protect the interest of the class.

29. Each class member has, or has been subjected to collection activity in violation of the FDCPA.

30. Names and addresses of class members are presently unknown to Plaintiff, but can be readily ascertained from the Defendant's business records.

31. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

    A. Does the form collection letter sent to Plaintiff and members of the class violate the FDCPA by failing to include the disclosures required by the statute?

    B. What is the appropriate remedy for Accretive's violations of the FDCPA;

    C. Did Accretive violate the discharge orders entered in the bankruptcy cases of sub-class members?

    D. What is the appropriate remedy for Accretive's violations of those discharge orders?

32. Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

33. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

34. The named representative's claims are typical and representative of the class and sub-class claims.

35. It is and was the practice of Accretive to attempt debt collection that was in

violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k, 11 U.S.C. § 524 and

    a.    That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class;

    b.    That this court award Plaintiff and the members of the FDCPA class statutory damages for all losses incurred by them;

    c.    That this court award Plaintiff and the members of the Discharge Violation sub-class damages for violation of their discharge orders;

    d.    That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

_____
EARL P. UNDERWOOD, JR. (UNDEE6591)
Underwood & Riemer, PC
Attorneys for Plaintiffs
21 South Section Street
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
E-mail: epunderwood@alalaw.com

PLAINTIFF DEMANDS A TRIAL BY JURY

_____
EARL P. UNDERWOOD, JR.

Defendant will be served by Certified mail at:

Accretive Health, Inc
c/o CT Corporation System
2 North Jackson Street
Montgomery, Al 36104