# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MAHALA A. CHURCH, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION 14-0057-WS-B |
| v. | ) ) ) | **PUBLISH** |
| ACCRETIVE HEALTH, INC., aka, dba, MEDICAL FINANCIAL SOLUTIONS, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Class Certification (doc. 14) and "Motion to Enter Plaintiff's Motion for Class Certification, then Stay Further Consideration of the Same" (doc. 15).

Plaintiff, Mahala A. Church, filed her Complaint (doc. 1) against Accretive Health, Inc., in this District Court on February 11, 2014. The Complaint alleges certain violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), as well as willful violations of Church's discharge in bankruptcy. Importantly, Church's Complaint frames this case as a putative class action. Church seeks to litigate her claims on behalf of a class of residents of the United States who received a similar Accretive collection letter to that received by Church, as well as a subclass of residents of the Southern District of Alabama who received such an Accretive collection letter despite the underlying debt having been discharged in bankruptcy. To date, no scheduling order has been entered, and no discovery deadlines have been set; indeed, the parties have not even conducted a Rule 26(f) conference, much less submitted the accompanying report of parties' planning meeting. This action remains squarely in the starting blocks.

On April 22, 2014, prior to defendant's filing of a responsive pleading or the commencement of formal discovery, Church filed a barebones two-page Motion for Class Certification, plus a contemporaneous Motion to Stay consideration of that Motion for Class

Certification. In the Motion to Stay, Church requests that the Court accept the Rule 23 Motion for filing, then stay briefing or consideration of it "until appropriate discovery has been conducted." (Doc. 15, at 1.) In essence, then, Church asks the Court to accept the Motion for Class Certification as a mere placeholder, an empty vessel into which plaintiff might pour substance and content (assuming the evidence gathered in discovery supports it) many months from now after appropriate class discovery has taken place. As grounds for this request, Church relies on Seventh Circuit authority opining that "[c]lass-action plaintiffs can move to certify the class at the same time that they file their complaint … then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). On that basis, Church asks this Court "not to rule on this [Rule 23] Motion until such time as the parties have had an adequate opportunity to conduct discovery and submit appropriate memoranda of law on the issue of class certification." (Doc. 15, at 2.)

The Court understands, but does not find persuasive, the concern that prompted Church to file her Motion for Class Certification and Motion to Stay at the outset of this litigation, well before the first morsel of discovery has changed hands and well before she has collected the facts on which she intends to rely in that Rule 23 Motion. The rule in the Seventh Circuit is that "a defendant can render moot a possible class action by offering to settle for the full amount of the plaintiff's demands *before* the plaintiff files a motion for class certification." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1018 (7th Cir. 2014). This rule, however, spawned fears by the plaintiffs' bar that defendants might "pick off" or "buy off" a putative class representative via unaccepted offer of judgment, thereby mooting a class action before the plaintiff had been able to complete the necessary discovery to file a Rule 23 motion. To allay these fears, the Seventh Circuit noted "that there is a simple solution for a putative class representative who wishes to avoid mootness or buy-off: move to certify the class at the same time that the complaint is filed." *McMahon*, 744 F.3d at 1018. "If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Damasco*, 662 F.3d at 896. Church's filings thus adhere closely to the *Damasco / McMahon* playbook.

All of this might be compelling if this Court were situated in the Seventh Circuit, if the law of the Seventh Circuit governed this proceeding, or if the Seventh Circuit approach

constituted either a majority rule or one as to which the Eleventh Circuit had expressed favor. This is not the case. In fact, the Seventh Circuit acknowledged the uniqueness of its formulation of the mootness rule in pick-off situations, and that "[o]ther circuits use a more flexible rule, under which the would-be representative need only file for class certification without undue delay after receiving an offer to settle." *McMahon*, 744 F.3d at 1018.[1] Plaintiff identifies neither

---

[1] Those circuits include, at least, the Third, Fifth, Ninth and Tenth Circuits. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action. If the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the class certification issue.") (footnote omitted); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) ("[W]e hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008) (holding in context of FLSA collective action that when plaintiff "files a timely motion for certification …, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment"); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004) ("Absent undue delay in filing a motion for class certification, … where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint."). Many (albeit not all) district courts in other jurisdictions have adopted a similar approach. *See, e.g., Neurocare Institute of Central Florida, P.A. v. Healthtap, Inc.*, --- F. Supp.2d ----, 2014 WL 1236062, *3 (M.D. Fla. Mar. 25, 2014) (where plaintiff files timely motion for class certification, and has otherwise fulfilled duty to pursue class certification diligently, Rule 23 motion relates back to the filing of the complaint, such that offer of judgment preceding Rule 23 motion does not moot entire case); *March v. Medicredit, Inc.*, 2013 WL 6265070, *3 (E.D. Mo. Dec. 4, 2013) (finding that while one district court had recently followed the Seventh Circuit rule, "the majority of district courts in this Circuit addressing this issue have rejected the mootness argument in the class action context"); *White v. Ally Financial Inc.*, --- F. Supp.2d ----, 2013 WL 164156, *6 (S.D. W.Va. Jan. 15, 2013) ("I **HOLD** today that a defendant's complete offer of judgment to a named plaintiff in a putative class action prior to a motion for class certification does not moot the putative class action, as long as the motion for class certification is ultimately filed without undue delay."); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F. Supp.2d 689, 694 (D. Md. 2012) ("The Court finds persuasive holdings of courts that have employed the relation back doctrine to allow class action claims to go forward where no certification motion is pending and the plaintiff has received an offer of complete relief."); *Mullinax v. United Marketing Group, LLC*, 2011 WL 4085933, *4 (N.D. Ga. Sept. 13, 2011) (concluding that "when a Rule 68 offer has been made and rejected prior to the time that a class certification is due to be filed per the scheduling order, the relation back doctrine applies
(Continued)

argument nor authority suggesting that the Eleventh Circuit is likely to follow *Damasco /
McMahon*, as opposed to the more relaxed approach of at least four other sister circuits.
Moreover, plaintiff does not show that, even if the Eleventh Circuit were to embrace *Damasco*,
she would be harmed unless she were allowed to lodge her "placeholder" Rule 23 Motion now.
Even today, district courts in the Seventh Circuit appear to operate under the premise that "a
plaintiff may avoid mooting its claims if it moves for class certification within the fourteen-day
(formerly ten-day) period provided in Rule 68 for responding to offers of judgment." *Gonon v.
Allied Interstate, LLC*, 286 F.R.D. 405, 409 (S.D. Ind. 2012). More fundamentally, plaintiff
offers no basis for suspecting that Accretive is somehow predisposed to engage in the universally
condemned tactic of "picking off" the named plaintiff via Rule 68 offer of judgment in an effort
to sabotage the Rule 23 issue from ever reaching the fore. Even if it did, it appears quite possible
(and indeed likely) that an unaccepted Rule 68 offer of judgment would not moot Church's
individual claims at all, thereby obviating the question of whether a Rule 23 motion must predate
an offer of judgment to avoid mooting the entire action.²

---

and the action is not deemed to be moot"); *Liles v. American Corrective Counseling Services,
Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001) ("Hinging the outcome of [a motion to dismiss] on
whether or not class certification has been filed is not well-supported in the law nor sound
judicial practice.").

   ²   In particular, a stern dissent authored by Justice Kagan and joined in by three
other justices last year cast considerable doubt on the notion that a plaintiff's claim may be
deemed moot by virtue of an unaccepted offer of judgment in the first place. *Genesis Healthcare
Corp. v. Symczyk*, --- U.S. ----, 133 S.Ct. 1523, 1534, 185 L.Ed.2d 636 (2013) ("So a friendly
suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note
to all other courts of appeals: Don't try this at home.") (Kagan, J., dissenting). Although Justice
Kagan's opinion in *Scymczyk* was a dissent, her discussion of the mootness issue "conflicts with
nothing in the Court's opinion" because the majority simply "assume[d], without deciding, the
mootness of Symczyk's individual claim" in order to reach the narrow FLSA issue as to which
*certiorari* had been granted. *Id.* (internal quotation marks omitted). Accordingly, at least four
sitting U.S. Supreme Court Justices support the proposition that an unaccepted Rule 68 offer of
judgment does not moot an individual plaintiff's claims, and there is no indication that the other
five disagree. If Justice Kagan is correct, then the entire rationale underlying Church's
premature Rule 23 Motion (*i.e.*, her lawyer's fear that Accretive will make an offer of judgment
that will bounce the whole case out of court, even if she rejects the offer) evaporates.

As the foregoing discussion demonstrates, there is precious little reason to believe that the two-step dance Church proposes here (file a generic Rule 23 Motion at the outset of the case, then stay it for many months until class discovery concludes and comprehensive briefs are prepared) is grounded in any justifiable fear that the entire class action may be ripped away from her absent such a preventive measure. The premise that a Rule 68 offer of judgment moots a class action in the absence of a prior Rule 23 motion is a decidedly minority view. The Eleventh Circuit has not accepted it. Plaintiff offers no indication that the Eleventh Circuit would ever be inclined to adopt it, as indeed most other federal courts have not. Even district courts in the Seventh Circuit (which propounded that minority review) appear to allow the continued safety hatch of a two-week window after an offer of judgment is made for the plaintiff to file a class certification motion. There is no evidence and no reason to believe that Accretive will engage in such a frowned-upon "picking off" strategy here. And the underlying principle that any offer of judgment for complete relief would moot Church's claims even if she did not accept it has recently faced a withering attack from four U.S. Supreme Court Justices, with no rebuttal from the others. For all of these reasons, the Court concludes that Church's "placeholder" Motion for Class Certification is highly unlikely to confer any meaningful benefit or protection on plaintiff.

On the other side of the ledger, Church's course of action comes with a cost. The court file is burdened with an obviously premature Rule 23 Motion that is devoid of content. Clerk's Office staff would be required to track, monitor and report the motion for many months as it sits idly, collecting dust, while the plaintiff gathers information via discovery to populate the motion with actual substance. In addition to this administrative cost, plaintiff's actions promote inefficiency and waste. Not only is it premature, but the Rule 23 Motion filed now may prove unnecessary because plaintiff may think better of pursuing such a motion based on the results of discovery. Yet plaintiff advocates a system in which litigants race to the courthouse to file empty, placeholder motions that may or may not ever be litigated, and that are neither required nor encouraged by the Federal Rules of Civil Procedure. *See Weiss v. Regal Collections*, 385 F.3d 337, 347 (3rd Cir. 2004) (federal rules do not "require or encourage premature certification determinations"). Such a proposal contravenes the spirit of federal practice, and raises significant concerns as to efficiency and judicial economy.

In the end, the balance is clear. Plaintiff's straight-out-of-the-chute Rule 23 Motion is highly unlikely to advance her cause one iota, but is virtually certain to impose administrative

costs, unnecessary distractions, and an unhelpful drag on efficiency and judicial economy. For these reasons, plaintiff's Motion to Enter Plaintiff's Motion for Class Certification, then Stay Further Consideration of the Same (doc. 15) is **denied**. Because the Rule 23 Motion is not being stayed, plaintiff's boilerplate Motion for Class Certification (doc. 14) is **denied** as premature and lacking specific factual or legal support; provided, however, that plaintiff is authorized to renew such motion at an appropriate time.

DONE and ORDERED this 24th day of April, 2014.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE