IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAHALA A. CHURCH, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | CIVIL ACTION 14-0057-WS-B |
| ) | |
| ACCRETIVE HEALTH, INC., aka dba MEDICAL FINANCIAL SOLUTIONS, ) ) ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on the parties' Motions to Seal (docs. 93, 102, 105 & 109), as well as defendant's Supplemental Brief (doc. 113) in support of such Motions.

As initially expressed in the Motions to Seal, defendant sought to have all summary judgment briefs and the vast majority of the accompanying exhibits filed under seal. Via Order (doc. 111) entered on November 24, 2015, the Court opined that these Motions to Seal were over-inclusive and that defendant had failed to make an adequate showing that might justify impairing the common-law right of public access to judicial proceedings in the extreme manner and to the broad extent requested. On that basis, the November 24 Order directed Accretive Health to file a supplemental brief setting forth precisely which materials and categories of information it seeks to have sealed, identifying the specific grounds for that contention, and specifying the reasons why redaction or other lesser measures are insufficient to protect the affected private interests.

Accretive Health's response to this aspect of the November 24 Order comes in the form of a Supplemental Brief that substantially limits, clarifies and explains the relief originally sought in the Motions to Seal. Rather than the wide-ranging "seal everything" approach it had previously championed, Accretive Health now confines its request for sealing to certain discrete portions of its summary judgment briefs, and all or part of 21 specifically enumerated exhibits. With respect to each of these items, Accretive Health's Supplemental Brief explains why the

identified materials should be sealed, what specific concerns motivate the request, and why lesser measures would be inadequate to safeguard the private interests involved.  All of the materials for which Accretive Health requests sealed status fall within one of the following categories: (i) they contain confidential, proprietary business information, public access to which could harm the legitimate privacy and proprietary interests of Accretive Health and/or third party Providence Hospital; or (ii) they contain personal identifiers or sensitive personal information such as dates of birth, Social Security numbers, Medicare policy numbers, personal medical information, patient numbers, or medical conditions.  Wherever reasonably possible, Accretive Health has filed redacted public versions of these materials, so as to allow unfettered public access to all non-sensitive portions of those documents.

Upon review of the Supplemental Brief and associated filings, the Court is satisfied that Accretive Health has taken to heart the concerns raised in the November 24 Order and has worked diligently and in good faith with plaintiff and Providence Hospital to narrow its sealing request to only those materials as to which legitimate private interests in secrecy truly do apply.  The public versions of the briefs and exhibits that Accretive Health filed along with its Supplemental Brief (*see* docs. 114, 115, 116, 117, and exhibits to doc. 113) now allow public access to the overwhelming majority of the contents of the summary judgment briefs and exhibits.  The remaining materials that Accretive Health has held back for sealed status are limited to only those documents or portions of documents where the considerations identified *supra* specifically favor sealing.  In short, Accretive Health (working hand in hand with plaintiff and the relevant third-party interests) has taken the Court's concerns seriously and has done precisely what it was directed to do in the November 24 Order.

For all of the foregoing reasons, it is **ordered** that the Motions to Seal (docs. 93, 102, 105, and 109) are **granted** as to the following materials: (i) designated excerpts of defendant's two summary judgment briefs (docs. 94, 106); (ii) the original versions of defendant's summary judgment exhibits identified as Exhibits D, E, F, H, I, J, K, L, N, R, T, U, V, W, GG, HH, and II; and (iii) plaintiff's summary judgment Exhibit G and designated portions of plaintiff's Exhibits A, C and E.  These materials are **sealed**.  In all other respects, the Motions to Seal are deemed **withdrawn** based on defendant's representations in the Supplemental Brief (doc. 113) and defendant's recent filings of unsealed copies of the subject briefs and exhibits.

Although Accretive Health has filed public versions of all of its briefs and exhibits as to which it no longer seeks sealed status, it has not done so for plaintiff's filings.  As a result, at this moment, plaintiff's summary judgment brief and all exhibits to same (*see* doc. 102) remain filed under seal, even though Accretive Health has withdrawn requests for sealed status as to all of those materials except for plaintiff's Exhibit G and portions of plaintiff's Exhibits A, C, and E.  In light of these developments, the Clerk of Court is directed to **unseal** all documents found at Document 102 **except for** plaintiff's Exhibits A, C, E and G, which are to remain **sealed**.  Defendant is **ordered** to file properly redacted unsealed versions of plaintiff's Exhibits A, C and E, in conformity with the principles stated in the Supplemental Brief, on or before **January 8, 2016**.[1]

DONE and ORDERED this 28th day of December, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In the interest of preventing (or at least minimizing) confusion, one other clarification may be helpful.  As noted, Accretive Health has recently filed public versions of all documents that (i) Accretive Health had previously filed under seal with appropriate motions, but (ii) Accretive Health no longer requests to be sealed, in whole or in part, pursuant to its Supplemental Brief.  The originally filed versions of those documents (found at docs. 94, 106, and 110) should remain **sealed**.  Here is why:  Again, for any of those materials as to which a Motion to Seal has been withdrawn, Accretive Health has recently filed public, unsealed versions (*see* docs. 114, 115, 116, 117 and exhibits to doc. 113).  Therefore, there is no reason for the Clerk of Court or this Court to pick through documents 94, 106 and 110, unsealing particular items, because anything in those docket entries that does not need to be sealed has since been filed in a public version in documents 113-117.  The cleanest way to handle the docket entries for documents 94, 106 and 110, then, is simply to leave them **sealed** in their entirety, secure in the knowledge that all aspects of those filings as to which Motions to Seal were withdrawn are now available to the public in unsealed form in documents 113-117.