[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  15-15708

_____

D.C. Docket No. 1:14-cv-00057-WS-B


MAHALA A. CHURCH,

Plaintiff - Appellant,

versus

ACCRETIVE HEALTH, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 6, 2016)

Before ED CARNES, Chief Judge, DUBINA, Circuit Judge, and HUCK,[*] District Judge.

PER CURIUM:

Appellant, Ms. Mahala Church ("Church"), filed a putative class action against Appellee, Accretive Health, Inc. ("Accretive Health") alleging violations of the Fair Debt Collections Practices Act ("FDCPA" or "the Act"). Accretive Health, working for Providence Hospital ("the Hospital"), sent Church a letter advising her that she owed a debt to the Hospital. Church alleges Accretive Health violated the FDCPA by not including in its letter certain disclosures required by the Act. Church does not allege that she suffered actual damages from Accretive Health's failure to include the allegedly required disclosures. Rather, Church simply alleges that upon receiving the letter in question, she "was very angry" and "cried a lot."

This appeal stems from the district court's grant of summary judgment in favor of Accretive Health. The sole issue raised at summary judgment was whether, at the time the debt at issue was obtained by Accretive Health, the debt was in default, as contemplated by the FDCPA. The FDCPA applies only to "debt collectors." *See* 15 U.S.C. § 1692k; *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273(11th Cir. 2014). The Act expressly excludes from the definition of "debt collector" any third party collecting a debt that is not in default at the time it

---

[*]Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

2

was obtained by the third party. Specifically, the Act exempts, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Thus, if the debt at issue was not in default at the time it was obtained by a third party agency, the agency's efforts to collect that debt are not governed by the FDCPA, and the FDCPA-mandated disclosures would not be required. Unfortunately, the Act does not define the term "default."

Accretive Health argued below that Church's debt was not in default at the time it obtained the debt from the Hospital, and thus, the FDCPA does not govern the letter sent to Church. The district court agreed and granted Accretive Health's motion for summary judgment. Church challenges the district court's determination that the debt was not in default and invites the Court to hold that a debt can be in default before a debtor is ever asked to pay a balance. We decline such invitation.

Before addressing the merits of the motion for summary judgment, the Court addresses the standing issue, raised for the first time by Accretive Health in its Notice of Pertinent Supplemental Authority ("Notice"), filed on May 27, 2016, shortly before oral argument.

## I.     STANDING

Accretive Health's supplemental authority consisted of a recent Supreme Court opinion, *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016), addressing standing's injury-in-fact requirement. In its Notice, Accretive Health argues that Church's injury is not sufficiently concrete to support Article III standing because Church incurred no actual damages from Accretive Health's violation of the FDCPA. Church responded that the Court should not consider the standing issue because Accretive Health did not raise it earlier and that a violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury-in-fact.

Article III of the United States Constitution limits federal court jurisdiction to actual cases and controversies. *See* U.S. Const. art. 3, § 2; *Cone Corp. v. Fla. Dep't of Trasnsp.*, 921 F.2d 1190, 1204 (11th Cir. 1991). "The standing doctrine is an aspect of this case or controversy requirement and has its origins in 'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Accordingly, "standing is a jurisdictional threshold question which must be addressed prior to and independent of the merits of a party's claims." *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008); *see also Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232

4

(11th Cir. 2008). "'Questions of subject matter jurisdiction may be raised . . . at any time during the pendency of proceedings.'" *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998) (quoting *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987). Indeed, "we are obliged to consider standing *sua sponte* even if the parties have not raised the issue." *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007). Thus, although Accretive Health failed to raise its standing argument below, the Court addresses it to ensure Church has standing.

In *Spokeo*, the Court vacated and remanded the Ninth Circuit's opinion, instructing the Ninth Circuit to consider whether the Plaintiff's injury was sufficiently concrete to satisfy Article III's injury-in-fact requirement. 578 U.S. at ___, 136 S. Ct. at 1550. In *Spokeo*, the plaintiff alleged a violation of the Fair Credit Reporting Act ("FCRA"). *Id.* at 1544. Reversing the district court's dismissal for lack of standing, the Ninth Circuit noted that "the violation of a statutory right is usually a sufficient injury in fact to confer standing," but recognized that "the Constitution limits the power of Congress to confer standing." *Robins v. Spokeo*, 742 F.3d 409, 413 (9th Cir. 2014). The Ninth Circuit held that the plaintiff adequately alleged injury-in-fact because the plaintiff alleged the defendant "violated *his* statutory rights, not just the statutory rights of other people" *Id.* at 413–14. The Supreme Court, however, observed that the Ninth

Circuit's analysis reached only whether the plaintiff's injury was particularized, not whether the injury was concrete. *Spokeo*, 578 U.S. at ___, 136 S. Ct. at 1550.

In its analysis, the Supreme Court explained that "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id*. at 1547–48. The Court stated that to "establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Regarding the concrete requirement, the Court stated that a "'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id*. The Court explained that the term "concrete" means "'real,' and not 'abstract.'" *Id*. Yet, the Court also noted that an injury need not be tangible to be concrete and reiterated that "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* at 1549 (quoting *Lujan*, 504 U.S. at 578). Thus, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id*. The Court added that the "risk of real harm" could mean "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" and in such

6

circumstances, "a plaintiff . . . need not allege any *additional* harm beyond the one Congress has identified." *Id.* (emphasis in original).

An injury-in-fact, as required by Article III, "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982); *see also Palm Beach Golf Ctr.-Boca, Inc. v. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015) (stating same). In *Havens Realty*, the Court addressed, *inter alia*, whether a tester-plaintiff had sufficiently alleged injury-in-fact to assert a violation of the Fair Housing Act. 455 U.S. at 372–73. The tester-plaintiff, an African American, alleged the defendant falsely told her that it had no apartments available for rent on four occasions, while the defendant, each time, told a white tester that it did have apartments available for rent. *Id.* at 368. The tester-plaintiff did not intend to rent an apartment, and was merely posing as a renter to collect evidence of unlawful steering practices. *Id.* at 373. Thus, the only injury alleged by the tester-plaintiff was that she was given false information, in violation of the Fair Housing Act. *Id.* at 373–74. The Court stated that the Fair Housing Act "establishes an enforceable right to truthful information concerning the availability of housing" and that "[a] tester who has been the object of a misrepresentation made unlawful under [the Fair Housing Act] has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under

the Act's provisions." *Id.* The Court explained that the fact the tester never intended to rent the apartment "does not negate the simple fact of injury within the meaning of [the Fair Housing Act]." *Id.* at 374. Thus, the Court held that the tester-plaintiff "alleged injury to her statutorily created right to truthful housing information" and satisfied Article III's injury-in-fact requirement. *Id.*

Just as the tester-plaintiff had alleged injury to her statutorily-created right to truthful housing information, so too has Church alleged injury to her statutorily-created right to information pursuant to the FDCPA. The FDCPA creates a private right of action, which Church seeks to enforce. The Act requires that debt collectors include certain disclosures in an initial communication with a debtor, or within five days of such communication. *See* 15 U.S.C. § 1692e(11); 1692g(a)(1)–(5).[1] The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's

---

[1] Specifically, § 1692e(11) states:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

And § 1692g(a) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

Case 1:14-cv-00057-WS-B   Document 124   Filed 07/06/16   Page 9 of 11


failure to comply with the Act. *See* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . .") Thus, through the FDCPA, Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures.

It is undisputed that the letter Accretive Health sent to Church did not contain all of the FDCPA's required disclosures. Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, "real"—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she

---

(**1**) the amount of the debt;

(**2**) the name of the creditor to whom the debt is owed;

(**3**) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(**4**) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(**5**) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ___, 136 S. Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.[2] Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.[3]

## II.    REVIEW OF THE DISTRICT COURT'S ORDER

Satisfied this case is properly before the Court, we now turn to the merits of the appeal. After reviewing the record, the parties' briefs, and applicable law, we affirm and adopt the district court's well-reasoned opinion granting summary judgment in favor of Accretive Health, filed November 24, 2015. The debt at issue was not in default at the time Accretive Health obtained the debt, and thus, the FDCPA does not govern Accretive Health's letter to Church.

**AFFIRMED.**

---

[2] In *Spokeo*, the Court stated that a Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 136 S. Ct. at 1550. This statement is inapplicable to the allegations at hand, because Church has not alleged a procedural violation. Rather, Congress provided Church with a substantive right to receive certain disclosures and Church has alleged that Accretive Health violated that substantive right.

[3] The Court limits this discussion to injury-in-fact's "concrete" requirement because this is the only aspect of standing that Accretive Health has challenged. As the Court must, we have independently analyzed all other elements of standing and have concluded this case is properly before the Court.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 06, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-15708-DD
Case Style: Mahala Church v. AH
District Court Docket No: 1:14-cv-00057-WS-B

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, DD at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs